IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEVERT SMITH and NELSON D. RADFORD,
Co-Administrators of the Estate of
JOSEPH JEREMAINE PORTER,

    Plaintiffs,

v.                                       Civil Action No. 5:12CV86
                                                          (STAMP)

SCOTTSDALE INSURANCE COMPANY,
SCOTTSDALE INDEMNITY COMPANY,
and NATIONWIDE INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS**

I. Background

This action was originally filed by the plaintiffs in the Circuit Court of Ohio County, West Virginia on May 10, 2012. The defendants removed the case to this Court on June 13, 2012. Plaintiffs are the Co-Administrators of the Estate of Joseph Jeremaine Porter. Mr. Porter was fatally injured in a shooting involving a police officer who was an employee of the City of Huntington's Police Department. The defendant, Scottsdale Insurance Company ("Scottsdale"), was the City of Huntington's insurer at that time of the shooting. The plaintiffs sued the City of Huntington and the police officer as a result of the shooting.[1] The defendant, Scottsdale, provided the City's and the officer's

---

[1] Plaintiffs' claims in the underlying action were for negligence, wrongful death, and for a deprivation of constitutional rights under 42 U.S.C. § 1983.

defense in that litigation.  Mediation and settlement negotiations were unsuccessful in that litigation.  Eventually all claims were resolved in the City of Huntington's and the police officer's favor, either through summary judgment, judgment as a matter of law, or through a jury verdict.  This suit arises from the unsuccessful mediation and subsequent settlement negotiations between Scottsdale and the plaintiffs that took place during such litigation.  In this complaint, the plaintiffs allege that Scottsdale violated the West Virginia Human Rights Act by discriminating against the plaintiffs based on their race during settlement negotiations.

On August 22, 2012, this defendant filed a motion for a protective order and to stay discovery pending a ruling on the motion.  The defendant sought to prevent the plaintiffs from obtaining various materials requested by the plaintiffs, including the claim file from the underlying action, the underwriting file, the claims handling guides, and information regarding other claims against Scottsdale.  The plaintiffs filed a response in which they argued that these materials were discoverable and should not be subject to a protective order.  On September 25, 2012, United States Magistrate Judge James E. Seibert issued an order granting in part and denying in part the defendant's motion for a protective order.

On August 31, 2012, the plaintiffs appealed the jury verdict in the underlying case to the United States Court of Appeals for the Fourth Circuit. As a result of this appeal, the defendant filed a motion to stay proceedings. In the motion to stay proceedings, the defendant argues that due to the plaintiffs' appeal of the underlying case, a great amount of potential prejudice exists. The defendant argues that if the Fourth Circuit Court of Appeals grants the plaintiffs' appeal and remands the underlying case, any discovery regarding the defendant's defense of its insured in the current case before this Court could and likely would unduly prejudice the defense of Scottsdale's insured in any subsequent trial. The plaintiffs did not file a response to this motion.

## II. Discussion

It is well settled law that federal district courts possess the ability to, under their discretion, stay proceedings before them when the interests of equity so require. <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 125 (4th Cir. 1983). While no such power has been expressly promulgated by statute or by the Federal Rules of Civil Procedure, it is inherent within the courts' "general equity powers and in the efficient management of their dockets to grant relief." <u>Id.</u> Still, this power is not unfettered. A party seeking a stay must sustain the heavy burden of justifying it by showing that clear and convincing circumstances

3

support a stay. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936). Further, the Court must weigh the equities when deciding whether to grant a stay, and must also consider the interests of judicial economy and the desire for "the orderly and expeditious disposition of cases." See <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630 (1962).

The defendant argues that based on West Virginia substantive law, the current action must be stayed until resolution of the underlying suit against the defendant's insured because of the potential prejudice that may result from a continuation of this action.[2] The defendant recognizes, however, that the law it cites applies to third-party bad faith actions against an insurer, which the West Virginia legislature abolished in 2005. The current action is not a third-party bad faith claim, and it is therefore unclear whether this law should apply in the current action. Regardless, this Court believes that in the interests of equity, proceedings must be stayed in this case. Continuing discovery in this matter may in fact prejudice the defendant's defense of its insured if the underlying claim is remanded by the Fourth Circuit Court of Appeals. Although a protective order in this case was issued to prevent such prejudice, this Court finds that a stay of proceedings will further protect the defendant from any prejudice

---

[2]The defendant cites <u>State ex rel. State Farm Fire & Cas. Co. V. Madden</u>, 452 S.E.2d 721 (1994), for this proposition.

and will also allow for more complete discovery after all appeals in the underlying claim are exhausted.

### III. Conclusion

For the above stated reasons, the defendant's motion to stay proceedings (ECF No. 35) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   October 4, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE