IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEVERT SMITH and NELSON D. RADFORD,
Co-Administrators of the Estate of
JOSEPH JEREMAINE PORTER,

      Plaintiffs,

v.                              Civil Action No. 5:12CV86
                                          (STAMP)
SCOTTSDALE INSURANCE COMPANY,
SCOTTSDALE INDEMNITY COMPANY,
and NATIONWIDE INSURANCE COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION FOR CHANGE OF VENUE**

I. <u>Background</u>

The plaintiffs originally filed this action in the Circuit Court of Ohio County, West Virginia. Thereafter, the original defendants removed the action to this Court based on diversity jurisdiction. The plaintiffs are the Co-Administrators of the Estate of Joseph Jeremaine Porter. Mr. Porter was fatally injured in a shooting involving a police officer who was an employee of the City of Huntington's Police Department. The remaining defendant,[1] Scottsdale Insurance Company ("Scottsdale"), was the City of Huntington's insurer at that time of the shooting. The plaintiffs

---

[1]This Court previously dismissed defendants Scottsdale Indemnity Company and Nationwide Insurance Company pursuant to the parties' stipulation of dismissal (ECF No. 24) as to these defendants.

sued the City of Huntington and the police officer as a result of the shooting.[2] The defendant, Scottsdale, provided the City's and the officer's defense in that litigation. Mediation and settlement negotiations were unsuccessful in that litigation. Eventually all claims were resolved in the City of Huntington's and the police officer's favor, either through summary judgment, judgment as a matter of law, or through a jury verdict.

This suit arises from the unsuccessful mediation and subsequent settlement negotiations between the defendant and the plaintiffs, which took place during the above-described litigation. The plaintiffs assert two counts in their complaint. Count I of the complaint asserts that the defendant violated the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq., when it did not settle the plaintiffs' claims against the City and the officer. Count II of the complaint, filed pursuant to the West Virginia Uniform Declaratory Judgments Act, W. Va. Code § 55-13-1 et seq., requests that this Court determine the rights of the parties as to a consent clause in the insurance policy between the City and the defendant. Specifically, the plaintiffs request that this Court find that the defendant may not rely on the consent clause to defend against its actions, when it knew or should have known that

---

[2] Plaintiffs' claims in the underlying action were for negligence, wrongful death, and for a deprivation of constitutional rights under 42 U.S.C. § 1983.

the City's refusal to give consent to settle was motivated by racial considerations.

This action was previously stayed as a result of an appeal of the underlying action by the plaintiffs against the City and the officer. Prior to this stay, however, the defendant had filed a partial motion to dismiss and a motion to change venue. In its motion for change of venue, the defendant argues that this matter should be transferred to the United States District Court for the Southern District of West Virginia for convenience, pursuant to 28 U.S.C. § 1404. The defendant also argues that venue is not proper in the Northern District of West Virginia because none of the alleged events or omissions giving rise to the claims occurred in this district.[3] The plaintiffs oppose the defendant's motion for change of venue on the grounds that the defendant has failed to meet the heavy burden of showing that the case must be transferred. The defendant replied, arguing that while the defendant does have

---

[3]The defendant seems to be asserting an argument for improper venue, which would require that it bring such argument under Rule 12(b)(3) of the Federal Rules of Civil Procedure and seek dismissal for improper venue. The defendant, however, at no place in its motion or briefing seeks dismissal for improper venue. Further, such motion would be futile, as venue is proper in any judicial district in which any defendant resides and for purposes of venue, a corporation is deemed to reside in any judicial district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(b)-(c). The defendant, a corporation, concedes that it is subject to jurisdiction throughout West Virginia, and therefore, venue is proper in either the Northern or Southern District of West Virginia. See ECF No. 4 *4.

3

the burden of establishing that venue should be transferred, it has met such burden.

As this Court has now lifted the stay in this action, this motion is ripe for decision. For the reasons stated below, this Court denies the defendant's motion to transfer venue without prejudice to refiling if proper after the completion of further discovery.

## II. Applicable Law

A motion to transfer a case to different venue is subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This rule is intended to allow a court to transfer venue in order to "make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (superceded by statute on other grounds).

The decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility

> of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

In re Campbell Transp. Co., Inc., 368 F. Supp. 2d 553, 555-56 (N.D. W. Va. 2005) (citing Alpha Welding & Fabricating Co. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D. W. Va. 1993)). The movants typically bear the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508.

### III. Discussion

This Court first notes that the parties do not dispute whether this action may have been brought in the Southern District of West Virginia, as the plaintiff's estate is domiciled in the Southern District of West Virginia and the defendant is subject to jurisdiction in the Southern District of West Virginia. Thus, the question is whether the venue should be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

A. Convenience of the Witnesses, Ease of Access to Sources of Proof, and Costs of Obtaining the Presence of Witnesses

The defendant addresses the first three convenience factors together, arguing that the convenience of the witnesses is the most important factor in evaluating a motion to transfer venue. The

5

defendant states that if any witnesses exist to the actions alleged by the plaintiffs, such witness would be located in or around the City of Huntington.  Further, the defendant asserts that the plaintiffs have not identified any witnesses who would be located anywhere but in the general vicinity of the City of Huntington.  In opposition to the defendant's assertions, the plaintiffs argue that most if not all witnesses except for experts would be out of the defendant's home office in Columbus, Ohio, which is closer to the Northern District of West Virginia than it is to the Southern District.  The plaintiffs state that they presume any decision whether or not to offer any settlement was made at the Columbus office.  Insomuch as any decision-making occurred at the defendant's administrative office in Scottsdale, Arizona, the plaintiffs state that the distance to either district would be equal-distant.  Further, the plaintiffs argue that the defendant failed to submit affidavits to indicate the intended witnesses or the specific matters about which such witnesses would be expected to testify.  As such, the plaintiffs assert that the defendant failed to carry its burden of showing that convenience weighs in its favor.

This Court finds that the defendant has failed to show that for the convenience of the witnesses, venue should be transferred.  Initially, this Court notes that "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise,

sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). Such information is "necessary to enable the court to ascertain how much weight to give a claim on inconvenience." Bd. of Trs., Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1256 (E.D. Va. 1988).

The defendant, in its reply in support of the motion to transfer, indicates that it believes representatives of the City of Huntington are key witnesses to the alleged racial discrimination in which the plaintiffs allege the defendant engaged in. The defendant, however, does not allege that these are the only witnesses that will need to testify, nor does it allege in great detail what the testimony of these individuals will consist of. Accordingly, this Court finds that the defendant has failed to meet it burden of establishing that the convenience to the witnesses strongly weighs in favor of transfer to the Southern District of West Virginia. It is not clear at this time, based on the defendant's motion, who all the witnesses will be, what they will testify to, and where such witnesses are located. Further, this Court notes that the defendant does not make any specific allegations concerning the other convenience factors, which are the cost of obtaining the presence of the witnesses and the ease of

access to sources of proof. Thus, this Court must assume that such factors are not at issue, and do not make it more or less convenient to transfer venue to the Southern District of West Virginia.

B. <u>Compulsory Process and Possibility of a View</u>

As to these two factors, the defendant concedes that such factors are irrelevant to the transfer inquiry. The defendant states that either district has compulsory process and the location of the underlying events that led to this suit is not relevant. Therefore, based on this concession, this Court finds that such factors do not make it more or less convenient to transfer venue.

C. <u>Interest in Having Local Controversies Decided at Home</u>

The defendant argues that the interest in having local controversies decided at home weighs in favor of having this dispute decided in the Southern District of West Virginia, as that is the locale where the alleged acts occurred. In opposition, the plaintiffs argue that the local interest in this case is the interest of the state of West Virginia. Specifically, they assert that the impact of a state-wide law, the West Virginia Human Rights Act, is connected to the state and not to either district. This Court agrees with the plaintiffs, and finds that as this is a matter of whether a state law was violated, neither district in West Virginia has a greater stake in the outcome. Therefore, this

8

factor does not weigh in favor of transfer to the Southern District of West Virginia.

D.  The Interests of Justice

The defendant lastly argues that the interests of justice favor transferring this matter to the Southern District of West Virginia. The defendant asserts that the pendency of a related litigation, specifically, the underlying suit discussed above, favors transfer. The defendant asserts that as a result of this underlying suit, the Southern District is familiar with the factual issues raised in discovery, during mediation, and during the trial all weigh in favor of transferring the venue. The defendant does note, however, that the underlying suit was dismissed and is no longer pending in the Southern District.

"The 'interest of justice' category is designedly broad." Bd. of Tr., Sheet Metal Workers Nat. Fund v. Baylor Hearing & Air Conditioning, Inc., 702 F. Supp. 1253, 1260 (E.D. Va. 1988). The category is "meant to encompass all those factors bearing on transfer that are unrelated to the other factors." JTH Tax, Inc. v. Lee, 482 F. Supp. 731, 738 (E.D. Va. 2007) (citation omitted). That being said, this Court does not find that the fact that the underlying suit took place in the Southern District of West Virginia to be a matter that this Court should consider in considering whether the interests of justice require the transfer of this matter. The underlying suit is no longer pending in the

Southern District and the current action deals with different questions and facts than the prior underlying suit. Moreover, this Court certainly does not find that such a consideration outweighs the plaintiffs' choice of forum. Thus, as this is the only argument concerning the interests of justice, this Court finds that the factors, taken as a whole, do not favor the transfer of this matter to the Southern District. However, because discovery may present evidence that convenience and the interests of justice do favor the transfer of venue, the defendant's motion is denied without prejudice.

## IV. <u>Conclusion</u>

For the reasons stated above, the defendant's motion to transfer venue (ECF No. 4) is DENIED WITHOUT PREJUDICE to refiling if proper upon further discovery.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: December 2, 2013

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE