IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEVERT SMITH and NELSON D. RADFORD,
Co-Administrators of the Estate of
JOSEPH JEREMAINE PORTER,

       Plaintiffs,

v.                                  Civil Action No. 5:12CV86
                                           (STAMP)

SCOTTSDALE INSURANCE COMPANY,
SCOTTSDALE INDEMNITY COMPANY,
and NATIONWIDE INSURANCE COMPANY,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

I. Background

The plaintiffs originally filed this action in the Circuit Court of Ohio County, West Virginia. Thereafter, the original defendants removed the action to this Court based on diversity jurisdiction. The plaintiffs are the Co-Administrators of the Estate of Joseph Jeremaine Porter. Mr. Porter was fatally injured in a shooting involving a police officer who was an employee of the City of Huntington's Police Department. The remaining defendant, Scottsdale Insurance Company ("Scottsdale"),[1] was the City of Huntington's insurer at that time of the shooting. The plaintiffs sued the City of Huntington and the police officer as a result of

---

[1]This Court previously dismissed defendants Scottsdale Indemnity Company and Nationwide Insurance Company pursuant to the parties' stipulation of dismissal (ECF No. 24) as to these defendants.

the shooting.[2]  The defendant, Scottsdale, provided the City's and the officer's defense.  Mediation and settlement negotiations between the parties were unsuccessful.  Eventually all claims were resolved in the City of Huntington's and the police officer's favor, either through summary judgment, judgment as a matter of law, or through a jury verdict.

This suit arises from the unsuccessful mediation and subsequent settlement negotiations between the defendant and the plaintiffs, which took place during the above-described litigation. The plaintiffs assert two counts in their complaint.  Count I of the complaint asserts that the defendant violated the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq., when it did not settle the plaintiffs' claims against the City and the officer. Count II of the complaint, filed pursuant to the West Virginia Uniform Declaratory Judgments Act, W. Va. Code § 55-13-1 et seq., requests that this Court determine the rights of the parties as to a consent clause in the insurance policy between the City and the defendant.  Specifically, the plaintiffs request that this Court find that the defendant may not rely on the consent clause to defend against its actions, when it knew or should have known that the City's refusal to give consent to settle was motivated by racial considerations.

---

[2]Plaintiffs' claims in the underlying action were for negligence, wrongful death, and for a deprivation of constitutional rights under 42 U.S.C. § 1983.

2

This action was previously stayed as a result of an appeal of the underlying action by the plaintiffs against the City and the officer. Prior to this stay, however, the defendant had filed a partial motion to dismiss. The defendant argues that this Court should dismiss Count II of the plaintiffs' complaint because the plaintiffs have no legal standing to assert such claim. The plaintiffs filed a motion in opposition and the defendant replied. After the stay in this matter was lifted, this Court ordered further briefing on the partial motion to dismiss. The motion is now fully briefed and ripe for disposition. For the reasons stated below, this Court grants the defendant's partial motion to dismiss.

## II. Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.

1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

### III.  Discussion

As stated above, Count II of the complaint is the plaintiffs' claim for declaratory judgment concerning the consent clause located in the insurance contract between the City and the defendant.  The consent clause gave the City the right to consent to settle any claim pending against the City.  The defendant asserts that such a clause is standard in the insurance industry when the insured could face adverse implications from a settlement, even if liability is denied.  Count II requests that this Court find that the defendant may not rely on the consent clause contained in the insurance contract between the defendant and the City to defend against its actions during the mediation and

settlement negotiations when it knew or should have known that the City's refusal to give consent to settle was motivated by racial considerations.

The defendant asserts that the plaintiffs lack standing to assert such claim as neither the plaintiffs nor their decedent were party to the contract between the defendant and the City. The plaintiffs in opposition to this argument cite <u>Michael v. Appalachian Heating</u>, LLC, 701 S.E.2d 116 (W. Va. 2010), as support for their position. The plaintiffs state that because they have standing to bring an action for discrimination against the defendant as an insurer of the City under the West Virginia Human Rights Act, specifically West Virginia Code § 5-11-9(7)(A), pursuant to <u>Michael</u>, they also have standing to pursue a declaratory judgment claim related to the same facts. Further, the plaintiffs argue that based on the elements required to assert standing, they also have standing to assert their claim in Count II.

After reviewing the briefs and cases cited by the parties, this Court finds that the plaintiffs lack standing to assert their claim in Count II of the complaint. First, <u>Michael</u> does not provide the plaintiffs with standing to assert their declaratory judgment claim. The West Virginia Supreme Court in <u>Michael</u> found that West Virginia Code § 5-11-9(7)(A) of the West Virginia Human Rights Act "prohibits unlawful discrimination by a tortfeasor's

insurer in the settlement of a property damage claim when the discrimination is based upon race, religion, color, national origin, ancestry, sex, age, blindness, disability or familial status." 701 S.E.2d at 124-25. Further, the West Virginia Supreme Court found that a third-party may bring a cause of action against the insurer for such a claim despite the prohibition of third-party lawsuits against an insurer under West Virginia Code § 33-11-4a. Id. While that case does provide the plaintiffs with the ability to bring the discrimination claims alleged in Count I against the defendant despite the ban on third-party lawsuits against an insurer, it does not provide the plaintiffs with standing to bring the declaratory judgment claim in Count II. The claim asserted in Count II is not seeking to assert violations of the West Virginia Human Rights Act, but instead it is seeking to have a portion of the insurance contract, which is between the defendant and the City, declared an invalid defense.

While not discussed by either party, this Court notes that although the plaintiffs purport to invoke the West Virginia Declaratory Judgment Act in Count II of their complaint, this Court must apply the federal declaratory judgment act after removal, as it is a procedural matter. Jones v. Sears Roebuck and Co., 301 F. App'x 276, 281 n.12 (4th Cir. 2008). A district court may exercise jurisdiction over a declaratory judgment claim when "the complaint alleges an actual controversy between the parties of sufficient

immediacy and reality to warrant issuance of a declaratory judgment." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004) (internal quotation marks omitted). To satisfy this jurisdictional requirement, the party asserting the declaratory judgment claim must have standing, which the defendant in this matter asserts the plaintiffs lack. To assert standing "(1) the plaintiff must allege that he or she suffered an actual or threatened injury that is not conjectural or hypothetical, (2) the injury must be fairly traceable to the challenged conduct, and (3) a favorable decision must be likely to redress the injury." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)).

While the parties attempt to liken the current set of facts and the claim for declaratory relief to other various cases, this Court does not believe any of the cited cases are exactly on point. Thus, this Court will endeavor to analyze the facts and claim in relation to the above three elements required for finding standing. As to these elements, the plaintiffs first assert that the decedent and now his estate have the right to be free from discrimination. Thus, this Court assumes the plaintiffs are asserting that they have been injured by the defendant's alleged discriminatory practices because the defendant refused to enter into a reasonable settlement of the underlying action. Second, the plaintiffs assert

there is a causal connection between the injury and the conduct forming the basis of the lawsuit because the defendant's conduct in conjunction with the conduct of the City caused the defendant's failure to make a reasonable settlement offer. Third, the plaintiffs assert that the injury would be redressed through a favorable decision of this claim because the possible damages that may be awarded for the defendant's failure to properly evaluate and attempt to settle the underlying action would correspond with what the jury would believe is a reasonable pretrial settlement of the underlying action.

Even assuming that the plaintiffs have asserted a valid injury and it can be traced to the defendant's use of the consent clause, this Court does not find that such injury will be redressed through the plaintiffs' claim for declaratory judgment. By only declaring that the consent clause contained within the insurance contract between the defendant and the City is invalid and cannot serve as a defense to the defendant's actions, this Court would not be providing redress for the defendant's alleged discriminatory actions. Instead, this Court would merely be declaring the defendant's possible defense invalid. As the United States Court of Appeals for the Fourth Circuit has stated in regards to whether an injury is redressable, "[b]y itself, a declaratory judgment cannot be the redress that satisfies the third standing prong. Rather, plaintiffs must identify some further concrete relief that

will likely result from the declaratory judgment." <u>Trabajadores Agricolas (CATA) v. U.S. Dep't of Labor</u>, 995 F.2d 510, 513 (4th Cir. 1993). This Court cannot say that by merely eliminating one of the defendant's possible defenses that it is likely that it will be awarded relief for the alleged discriminatory actions. Accordingly, this Court finds that the plaintiffs do in fact lack standing to assert the claim raised in Count II of their complaint.

### IV.  <u>Conclusion</u>

For the reasons stated above, the defendant's partial motion to dismiss (ECF No. 8) is hereby GRANTED. Accordingly, Count II of the plaintiffs' complaint is hereby DISMISSED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    January 22, 2014


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE