IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEVERT SMITH and NELSON D. RADFORD,
Co-Administrators of the Estate of
JOSEPH JEREMAINE PORTER,

    Plaintiffs,

v.                                Civil Action No. 5:12CV86
                                              (STAMP)
SCOTTSDALE INSURANCE COMPANY,
SCOTTSDALE INDEMNITY COMPANY,
and NATIONWIDE INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING THE MAGISTRATE JUDGE'S ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL**

I.  Background

The plaintiffs originally filed this action in the Circuit Court of Ohio County, West Virginia. Thereafter, the original defendants removed the action to this Court based on diversity jurisdiction. The plaintiffs are the Co-Administrators of the Estate of Joseph Jeremaine Porter. Mr. Porter was fatally injured in a shooting involving a police officer who was an employee of the City of Huntington's Police Department. The remaining defendant, Scottsdale Insurance Company ("Scottsdale"),[1] was the City of Huntington's insurer at that time of the shooting. The plaintiffs sued the City of Huntington and the police officer as a result of

---

[1]This Court previously dismissed defendants Scottsdale Indemnity Company and Nationwide Insurance Company pursuant to the parties' stipulation of dismissal (ECF No. 24).

the shooting.[2]  The defendant, Scottsdale, provided the City's and the officer's defense.  Mediation and settlement negotiations between the parties were unsuccessful.  Eventually all claims were resolved in the City of Huntington's and the police officer's favor, either through summary judgment, judgment as a matter of law, or through a jury verdict.

This suit arises from the unsuccessful mediation and subsequent settlement negotiations between the defendant and the plaintiffs, which took place during the above-described litigation ("underlying claim").  The plaintiffs asserted two counts in their complaint.  Only Count I remains, however, because Count II of the complaint was dismissed pursuant to this Court's memorandum opinion and order granting defendant's partial motion to dismiss.  See ECF No. 67.  Count I of the complaint asserts that the defendant violated the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq., when it did not settle the plaintiffs' underlying claim against the City and the officer.

Various discovery disputes have arisen between the parties since the plaintiffs filed this action.  As a result of a particular discovery dispute, the plaintiffs filed a motion to compel the documents withheld by the defendant from the underlying claim file on the basis of attorney-client privilege and work-

---

[2]Plaintiffs' claims in the underlying action were for negligence, wrongful death, and for a deprivation of constitutional rights under 42 U.S.C. § 1983.

product protection.  After an in camera review of the documents that the defendant alleged to be privileged, the magistrate judge granted in part and denied in part plaintiffs' motion to compel. The magistrate judge found that some documents were protected by attorney-client privilege, some were protected by work-product protection, some were protected by both attorney-client privilege and work-product protection, and some were not protected by either attorney-client privilege or work-product protection.

The magistrate judge informed the parties that they may object to his order within 14 days from the date of the order being filed. Thereafter, the defendant filed objections and also filed two motions.  First, the defendant filed a motion to stay the order on its motion to compel and second, the defendant filed a motion to file the documents subject to their objections under seal.  This Court granted the defendant's motion to stay the order on the motion to compel as to the documents to which the defendant objected to having to produce to the plaintiffs, until this Court issued a ruling on the defendant's objections.  See ECF No. 117. At that time, no action was taken on the defendant's motion to file the documents subject to the objections under seal.  The plaintiffs also filed objections to the magistrate judge's order on the motion to compel, which were labeled as an "appeal" of the magistrate judge's decision.  The defendant responded in opposition to such

objections. For the reasons stated below, this Court affirms the magistrate judge's order on the motion to compel.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III. Discussion

The plaintiffs and defendant both filed objections to the magistrate judge's order on the plaintiffs' motion to compel. Accordingly, this Court will address each party's objections in turn.

### A. Plaintiffs' Objections

The plaintiffs object to the magistrate judge's findings, as to the following documents, identified by Bates number:

4

- 92-94, 244-47, 863-64, 904-05, 940-42, 991-95, 1146-48, 1154-58, 1159-63, 1791-92, 2745047, 26-33, 63-64, 104-14, 1814-15, 1817-18, 1991, 1966-90, 1995-96, 2027-28, 2029, 2030-31, 2034-35, 2036, 115-19, 165-69, 1295-96, 78-90, 148-50, 183-94, 198-235, 236-40, 668-71, 676-716, 803-805, 836, 885-91, 906-13, 919-923, 935-39, 951-53, 957-61, 981-83, 1074-76, 1082-98, 1099-101, 1102-14, 1142-45, 1149-53, 1171-76, 1210-13, 1214-25, 1300-05, 1306-07, 1309-11, 1336-39, 1710-21, 1759-84, 1793-95, 1808-11, 1819-39, 2154, 2502-03, 2715-2719, 2724-26, 2731-33, 2734-35, and 2737-39.

As to these documents, the plaintiffs object to the magistrate judge's findings that these documents are protected by work-product protection, attorney-client privilege, or both work-product protection and attorney-client privilege. After an <u>in camera</u> review of these documents, however, this Court finds that such documents are subject to the privilege found by the magistrate judge. As such, this Court finds the magistrate judge's findings relating to these documents were not clearly erroneous or contrary to law and the defendant is not required to produce such documents to the plaintiff.

B. <u>Defendant's Objections</u>

The defendant objects to the magistrate judge's findings, as to the following documents, identified by Bates number:

- 120-23, 196-97, 248, 781, 795, 880, 894, 914, 978, 165, and 1993-94.

The defendant argues that these documents, which the magistrate judge ordered the defendant to produce to the plaintiffs, are protected by work-product protection, attorney-client privilege, or both. Accordingly, the defendant asserts that this Court should overrule the magistrate judge's findings to the contrary and find that such documents need not be produced. After an <u>in camera</u> review of these documents, however, this Court finds that such documents are not subject to attorney-client privilege or protected by the work-product doctrine. As such, this Court finds the magistrate judge's finding relating to these documents was not clearly erroneous or contrary to law. <u>See</u> <u>Republican Party of North Carolina v. Martin</u>, 136 F.R.D. 421, 430 (E.D.N.C. 1991) (finding certain documents, which contain only compilations of facts and are devoid of any legal analysis, are unprotected by the work product doctrine).

IV. <u>Conclusion</u>

For the reasons stated above, this Court AFFIRMS the magistrate judge's order on <u>in camera</u> document production (ECF No. 100), and OVERRULES the defendant's objections (ECF No. 108) and OVERRULES the plaintiffs' objections (ECF No. 114). Further, because this Court is overruling defendant's objections, it DENIES AS MOOT the defendant's motion to produce the objected to documents

6

under seal (ECF No. 110) and the stay as to production of these documents is hereby LIFTED.  Accordingly, the defendants are ORDERED to produce the documents listed above within **5 days of the date of this order**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    August 22, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE